SMITH, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. C-64-77, CA 11685)
589 P2d 1184

Bromleigh S. Lamb, Salem, argued the cause and filed the brief for petitioner.

Kathryn A. Logan, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson,* Gillette, and Roberts, Judges.

GILLETTE, J.

*Johnson, J., resigned December 18, 1978.

## GILLETTE, J.

This is a petition for judicial review of an order of the Employment Relations Board (ERB). ERB denied petitioner's unfair labor practice complaint which alleged harassment by his employer, the Employment Division (Division), in retaliation for his filing of a grievance. Specifically, petitioner challenges ERB's refusal to consider evidence concerning any Division conduct occurring prior to the 180-day period immediately preceding his filing of the unfair labor practice complaint.

We hold the ERB's evidentiary ruling erroneous, and therefore reverse.

Petitioner filed his unfair labor practice complaint on April 25, 1977. As later amended, it alleged that petitioner had filed a grievance in January, 1976, concerning the manner in which he had been given a promotional merit rating; that, after the grievance was filed, petitioner's supervisors entered into a systematic pattern of harassing activity involving approximately 15 separate events which began in August, 1976, and continued up until the time that the unfair labor practice complaint was filed; and that the respondent's activity constituted an unfair labor practice under ORS 243.672 (1) (a), (c), (d), (f) and (g).[1]

---

[1] ORS 243.672 provides:

"(1) It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"(a) Interfere with, restrain or coerce employes in or because of the exercise of rights guaranteed in ORS 243.662.

"* * * * *

"(c) Discriminate in regard to hiring, tenure or any terms or condition of employment for the purpose of encouraging or discouraging membership in an employe organization. Nothing in this section is intended to prohibit the entering into of a fair-share agreement between a public employer and the exclusive bargaining representative of its employes. If such a 'fair-share' agreement has been agreed to by the public employer and exclusive representative, nothing shall prohibit the deduction of the payment-in-lieu-of-dues from the salaries or wages of such employes.

At the ERB hearing, on motion of the Division, all allegations in petitioner's complaint relating to anything which had occurred more than 180 days prior to April 25, 1977 (the date of the original complaint) were stricken. The hearings officer also refused to receive in evidence any testimony concerning events which occurred more than 180 days prior to April 25. These rulings, which the Board affirmed, are collectively assigned as error.

An injured party alleging an unfair labor practice must file a written complaint with the ERB not later than 180 days following the alleged occurrence. ORS 243.672(4). Petitioner concedes that the disallowed evidence concerns matters outside the limitation period. The question is whether that 180-day period is to be treated as simply a statute of limitations or as a rule of evidence.

In *Local No. 1414, Internat'l. Machinists v. NLRB*, 362 US 411, 80 S Ct 822, 4 L Ed 2d 832 (1960), the United States Supreme Court, in construing a section of the National Labor Relations Act analogous to ORS 243.672(4), stated the problem as follows:

"* * * [I]n applying rules of evidence as to the admissibility of past events, due regard for the purposes of [the statute] requires that two different kinds of situations be distinguished. The first is one where occurrences within the six-month limitations period in and of themselves may constitute, as a substantive matter, unfair labor practices. There, earlier events may be utilized to shed light on the true character of matters

"(d) Discharge or otherwise discriminate against an employe because the employe has signed or filed an affidavit, petition or complaint or has given information or testimony under ORS 243.650 to 243.782.

"* * * * *

"(f) Refuse or fail to comply with any provision of ORS 243.640 to 243.782.

"(g) Violate the provisions of any written contract with respect to employment relations including an agreement to arbitrate or to accept the terms of an arbitration award, where previously the parties have agreed to accept such awards as final and binding upon them."

[ 244 ]

occurring within the limitations period; and for that purpose [the statute] ordinarily does not bar such evidentiary use of anterior events. [footnote omitted] The second situation is that where conduct occurring within the limitations period can be charged to be an unfair labor practice only through reliance on an earlier unfair labor practice. There the use of the earlier unfair labor practice is not merely 'evidentiary,' since it does not simply lay bare a putative current unfair practice. Rather, it serves to cloak with illegality that which was otherwise lawful." 362 US at 416-417, 4 L Ed 2d at 837-38.

This is a case of the first kind; the acts allegedly occurring within the 180-day period, standing alone, constitute an unfair labor practice if done with the requisite intent. Intent may be inferred from the evidence petitioner attempted to offer. Therefore, the statute of limitations aspect of ORS 243.672 (4) is satisfied, and that statute does not act as a rule of evidence to exclude the evidence in question.

The disallowed evidence involved allegedly arbitrary denial of vacation time, disallowance of opportunites to read professional journals, assignment to petitioner of inappropriate or demeaning clerical work, and reduction in petitioner's annual performance appraisal. Where, as here, a complaint involves other, generally admitted activity on the part of management which may or may not have been intended to harass, it is particularly important for the trier of fact to hear all relevant information which sheds light on the state of mind of those responsible for that activity.

Refusal to receive and consider the evidence was error. Since the error prevented the Board from properly assessing the weight to be given the evidence petitioner was permitted to offer, the error prejudiced petitioner.

Reversed and remanded for proceedings consistent with this opinion.